UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nicholas Terzi,<br><br>          Plaintiff,<br><br>    -v-<br><br>William Mosquera, and WM International Services,<br><br>          Defendants. | 2:25-cv-5781<br>(NJC) (ST) |

## MEMORANDUM AND ORDER REMANDING ACTION

NUSRAT J. CHOUDHURY, United States District Judge:

  On October 15, 2025, Defendants William Mosquera and WM International Services (together, "Defendants") filed a Notice of Removal purporting to remove an action pending in Suffolk County Supreme Court, initiated by Plaintiff Nicholas Terzi for alleged injuries resulting from a motor vehicle incident. (Not. Removal, ECF No. 1; *see also* Verified Compl., ECF No. 1-1.) The Notice of Removal asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Not. Removal ¶ 5.)

  On December 12, 2025, the Court issued an Order to Show Cause directing Defendants to demonstrate "why this Court should not remand this action for lack of subject matter jurisdiction." (ECF No. 14 at 1.) On December 29, 2025, Defendants filed their response. (ECF No. 16.)

  For the reasons set forth below, the Court finds that Defendants have failed to show cause that this Court has diversity jurisdiction over the matter. Accordingly, this action is remanded to Suffolk County Supreme Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiffs initiated this action in Suffolk County Supreme Court on July 24, 2025. On October 15, 2025, Defendants filed the Notice of Removal purporting to remove an action pending in Suffolk County Supreme Court.[1] (Not. Removal; *see also* Verified Compl.) The Notice of Removal asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Not. Removal ¶ 5.) On December 12, 2025, the Court issued an Order to Show Cause directing Defendants to demonstrate "why this Court should not remand this action for lack of subject matter jurisdiction." (ECF No. 14 at 1.) On December 29, 2025, Defendants filed their response. (ECF No. 16.)

In the Order to Show Cause, this Court found that the Notice of Removal, even when assessed in conjunction with corresponding exhibits and the Verified Complaint, failed to plausibly allege "that the amount in controversy exceeds $75,000 and therefore that the Court has diversity jurisdiction over this matter." (Order to Show Cause at 5.) Specifically, the sole basis for Defendants' assertion that the amount-in-controversy exceeded $75,000 was an oral settlement demand made by Plaintiff's counsel during a telephone conversation on September 22, 2025. In the Order to Show Cause, the Court explained that "an oral settlement demand, on its own, is not a sufficient or 'reliable' indicator of the amount in controversy," and is instead "'only one factor' in the court's assessment." (*Id.* at 7.) The Court further reasoned that:

---

[1] 28 U.S.C. §1446(b)(3) requires a notice of removal to be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," where, as here, "the case stated by the initial pleading is not removable." Defendants discovered the alleged basis for removal on September 22, 2025, and filed the Notice of Removal on October 15, 2025, which falls within the 30-day window. The Court has already established that the alleged basis for removal was not sufficient, but had it been adequate, removal would have been timely.

> Defendants fail to specify the amount demanded by Plaintiff, and the context in which the settlement demand was made, and why the nature of Plaintiff's alleged injuries or alleged damages resulting from the motor vehicle incident support the demand or any amount above $75,000.

(*Id*. at 7 (internal citations omitted).)

On December 29, 2025, Defendants timely filed their response and an attached affidavit by Defendants' counsel and an email from Plaintiff's counsel dated December 1, 2025 (ECF Nos. 16; "Williams Aff.," ECF No. 61-1; ECF No. 16-2). Defendants' assertion that the amount-in-controversy requirement for diversity jurisdiction is met because "[o]n December 1, 2025, Plaintiff identified in writing that his settlement demand remained $425,000." (Williams Aff. ¶ 5.) Defendants attach an email in which Plaintiff's counsel states: "Please be advised that the $25,000 offer has been rejected. Plaintiff's demand remains $425,000." (ECF No. 16-2 at 1.) Defendants further state that "[o]n September 9, 2025, we served a demand for an addendum pursuant to CPLR 3017(c), but no response was provided." (Williams Aff. ¶ 6.)

## LEGAL STANDARDS

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3).

"[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual

3

amount in controversy." *Id.* The amount in controversy alleged must be plausible, *i.e.*, supported by factual allegations in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F. App'x. 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is conclusory and not entitled to a presumption of truth"). "[I]f the jurisdictional amount is not clearly alleged in the . . . complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

"A defendant removing a personal injury or wrongful death action from New York state court, moreover, need not guess at the amount in controversy; New York state law provides a mechanism for establishing exactly that." *Minaudo v. Sunrise at Sheepshead Bay*, No. 22-cv-2579, 2023 WL 110359, at *2 (E.D.N.Y. Jan. 5, 2023). "While the complaint in such an action 'shall not state the amount of damages' sought, N.Y. C.P.L.R. 3017(c), a defendant 'may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled,' . . . Should the plaintiff fail to serve that demand 'within fifteen days,' the state court 'may order that it be served.'" *Id.*

"[S]ettlement demands generally are not reliable indicators of the amount in controversy . . . Indeed, 'settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages.'" *Elzoghary v. Zelaya-Monge*, No. 23-cv-5353, 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (internal citations omitted). "'[While] some courts have considered settlement demands in determining the amount in controversy, they have done so with caution,' warning that '[a] settlement demand does not

4

conclusively resolve the ambiguity regarding the amount in controversy.'" *Id*. "As such, courts considering settlement demands made prior to removal have viewed such offers as 'only one factor to consider in assessing the amount in controversy,' explaining that 'courts must consider the context in which such a settlement demand was made.'" *Id*.

"The Second Circuit has held that 'the existence of federal subject matter jurisdiction over an action removed . . . is normally to be determined as of the time of removal.'" *Chang v. Chang*, No. 25-cv-4917, 2025 WL 2356421, at *3 (S.D.N.Y. Aug. 14, 2025) (citing *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009)); *see also Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (finding subject matter jurisdiction where plaintiff "represented that the amount in controversy was satisfied at the time of removal").

## DISCUSSION

Defendants' sole basis for establishing the amount in controversy is a written settlement demand by Plaintiff's counsel, dated December 1, 2025, for $425,000. (Williams Aff. ¶ 5.) However, Defendants removed this action on October 15, 2025. (*See* ECF No. 1.) The basis for removing an action to federal court must be evident at the time of removal. *See Chang*, 2025 WL 2356421, at *3. Accordingly, this Court did not have subject matter jurisdiction over this matter at the time of removal on October 15, 2025.

Even if timing were not an issue here, the Court finds pertinent the view of other courts within this District that "[a] settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy," because settlement demands can often be "wildly unrealistic." *Elzoghary*, 2023 WL 6121800, at *2. Here, Defendants have provided the Court with no other "context in which such a settlement demand was made" (*id*.) to support a finding

5

that the settlement demand supports an accurate approximation of the actual amount in controversy.

Defendants' statement that Plaintiff failed to respond to their N.Y. C.P.L.R. 3017(c) demand is unavailing. N.Y. C.P.L.R. 3017(c) clearly states that "[i]n the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." Defendants have not shown that they ever filed such a motion in state court prior to removing the action to this Court.

## CONCLUSION

For all of the reasons explained in this Memorandum & Order, this Court lacks subject matter jurisdiction over this matter under 28 U.S.C. § 1332. This action is remanded to the Supreme Court of the State of New York, County of Suffolk, for lack of jurisdiction under 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this order to the clerk of the Suffolk County Supreme Court.

Dated: Central Islip, New York
       January 22, 2026

                                                              */s/ Nusrat J. Choudhury*
                                                              NUSRAT J. CHOUDHURY
                                                              United States District Judge